## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 11-23798-CIV-ROSENBAUM/SELTZER

GRACE D. SOLIS,

     Plaintiff,

v.

CLIENT SERVICES, INC., CITIBANK (SOUTH
DAKOTA), N.A., PATRICK A. CAREY, P.A.,
PATRICK A. CAREY, ROBERT J. RIVERA,
MAIRIM A. MORALES,

     Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING LEAVE TO AMEND COMPLAINT

This matter is before the Court on Plaintiff's Motion for Reconsideration Regarding Court's Denial to Allow Plaintiff Leave to Amend Second Amended Complaint [D.E. 106]. On August 2, 2012, Plaintiff sought to amend her already twice-amended Complaint by adding a new Defendant (Mary-Margaret Monk) and making significant other changes to content of her pleading. See D.E. 83. On September 19, 2012, this Court denied Plaintiff's motion for several reasons, including, among others, that Plaintiff waited three months past the deadline to amend her pleadings, that Plaintiff waited two months after learning of Monk's involvement before she sought to add Monk as a party, and that Plaintiff herself bore some responsibility to learn of Monk's involvement during the original state-court proceedings at issue in this case. D.E. 100.

Plaintiff now moves this Court to reconsider its denial of her motion to amend her Complaint based on what she perceives as an error in the Court's Order. Specifically, Plaintiff appears to attribute the delay in seeking to add Monk to the fact that she did not receive answers to her request

for admissions concerning Monk's involvement.[1]  Further, Plaintiff faults her "inexperience" for her failure to ask for the names of the attorneys present at the state court trial.  Plaintiff asserts that the Court made a mistake by not crediting these explanations and allowing her to amend her Complaint.

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.,* 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing *Mannings v. Sch. Bd. of Hillsborough County*, 149 F.R.D. 235, 235 (M.D. Fla. 1993)). "The 'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* at 1369 (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). Only three major grounds generally justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999); *Sussman*, 153 F.R.D. at 694). On the other hand, "[a] 'motion for reconsideration should not be used as a vehicle to . . . reiterate arguments previously made.'" *Id.*

Unfortunately for Plaintiff, there is no new evidence or clear error present here. The Court did review and consider Plaintiff's information about her request for admissions.  However, Plaintiff's request for admissions from Defendant is irrelevant to her ability to amend her Complaint. On June 5, 2012, Plaintiff had all the information she needed to file a motion seeking to add Monk

_____

[1]Plaintiff recounts that after she learned of Monk's involvement on June 5, 2012, she sent a request for admissions to another defendant in this case, Mairim Morales, asking Morales why she did not earlier explain that Monk, and not Morales, was present at the state court proceedings.  This request was mistakenly sent to another Defendant, and when Plaintiff learned of the mistake, she re-sent the request to Morales on July 13, 2012.  Having not yet received a response to the request, Plaintiff proceeded with her motion to amend on August 2, 2012.  D.E. 83 at 1-2; D.E. 106 at 2.

as a party in this case.  Plaintiff has not explained why, and the Court can divine no reason why, Plaintiff required admissions from Morales before seeking to add Monk as a Defendant.  And in fact, Plaintiff eventually did file her motion to amend prior to receiving any admissions from Morales.

Plaintiff further blames her inexperience as a *pro se* litigant for failing to ask about the identities of the attorneys present in the state court proceedings.  However, while *pro se* litigants are held to a less exacting standard than attorneys, *see, e.g.*, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), inquiring about the names of opposing counsel does not require legal training.  Moreover, this is essentially the same argument that Plaintiff made in her reply brief [D.E. 94] and the Court already addressed it when the Court concluded that it would not "have required an unreasonable inquiry on Plaintiff's part to identify the parties who were involved and present in the state court proceedings with her."  D.E. 100 at 2.  As noted above, Plaintiff may not use a motion for reconsideration to reiterate arguments already made but must point to new evidence or clear error.  Plaintiff has not done so here.

Accordingly, it is **ORDERED and ADJUDGED** that Plaintiff's Motion for Reconsideration Regarding Court's Denial to Allow Plaintiff Leave to Amend Second Amended Complaint [D.E. 106] is **DENIED**.

**DONE and ORDERED** at Fort Lauderdale, Florida, this 26th day of October 2012.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies to:

Grace D. Solis, *pro se*
730 86th Street
Miami Beach, FL 33141

*Via U.S. Mail*

Counsel of record