# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 11-23798-CIV-ROSENBAUM

GRACE D. SOLIS,

       Plaintiff,

v.

CLIENT SERVICES, INC.,
CITI BANK (SOUTH DAKOTA), N.A.,
PATRICK A. CAREY, P.A.,
Patrick A. Carey Individually,
Robert J. Rivera, Individually and
Mairim A. Morales, Individually,

       Defendants.

_____/

## ORDER

    This matter is before the Court upon Defendants' Motion for Summary Judgment [D.E. 110]. The Court has reviewed Defendants' Motion, all supporting and opposing filings, and the record in the case. For the reasons that follow, the Court grants in part and denies in part Defendants' Motion for Summary Judgment.

### *I. Introduction*

    This case arises from the collection of a credit-card debt and the subsequent lawsuit that Defendant Citibank (South Dakota), N.A. ("Citibank"), brought against Plaintiff Grace Solis in state court. After judgment was rendered against Plaintiff in state court, Plaintiff filed suit in this Court against Defendants Client Services, Inc. ("CSI"), Citibank, Patrick A. Carey, P.A., Patrick A. Carey,

Robert J. Rivera, and Mairim A. Morales, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692; the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55; and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681.  D.E. 52.[1] Defendants filed a Motion for summary judgment against Plaintiff.  D.E. 110.  The Motion has been briefed by both parties, and the matter is ripe for disposition.

## *II. Background*

Citibank filed suit against Solis in Miami-Dade County Court ("state court") to collect on the debt that Citibank claimed Solis owed.  To represent it in the state court action, Citibank retained Patrick A. Carey.  As a result of the state-court litigation, on August 3, 2011, Citibank obtained a judgment requiring Plaintiff to pay the total amount of $4,312.16 (principal sum of $3,962.16 and costs of $350.00).  D.E. 110-1.  Plaintiff subsequently filed a motion to vacate the judgment in state court, which was denied on December 8, 2011.  D.E. 110-2.

On October 21, 2011, Plaintiff filed the pending lawsuit before this Court.  *See* D.E. 1. In her Amended Complaint, Plaintiff asserts the following four counts: (1) violation of the FDCPA by all Defendants; (2) violation of the FCCPA by all Defendants; (3) willful non-compliance with the FCRA by Defendant CSI; and (4) negligent non-compliance with the FCRA by Defendant CSI.  D.E. 27.  Citibank filed a Motion to Dismiss the First Amended Complaint on December 22, 2011.  D.E. 28.  On March 13, 2012, this Court granted Citibank's Motion to Dismiss with prejudice Count I, and without prejudice, Counts II, III, and IV.  D.E. 48.  This Court also allowed Plaintiff to file a Second Amended Complaint.  D.E. 48.

---

[1]Docket Entry 52 is Plaintiff's Second Amended Complaint. The remaining counts apply only to  Defendants Patrick A. Carey, P.A., Patrick A. Carey, Robert J Rivera, and Mairim A. Morales.

Thereafter, Plaintiff filed a Second Amended Complaint that removed Citibank and CSI as Defendants from Count I but added Citibank as a Defendant to Counts III and IV.  D.E. 52.[2] Citibank filed a Motion to Dismiss the Second Amended Complaint on April 9, 2012.  D.E. 54. This Court granted Citibank's Motion to Dismiss the Second Amended Complaint by barring Count II against Citibank, and dismissing with prejudice Counts III and IV against Citibank.  D.E. 78.

CSI filed a Motion to Dismiss the Second Amended Complaint on April 13, 2012.  D.E. 55.[3] CSI's Motion to Dismiss the Second Amended Complaint was granted on all remaining counts on July 23, 2012.  D.E. 79.  Therefore, the Defendants and counts remaining in this case include only Patrick A. Carey P.A., Patrick A. Carey, Robert Rivera and Mairim A. Morales on Counts I and II. D.E. 79.

In the Second Amended Complaint, Count I alleges that Defendants violated the FDCPA by (1) "falsely representing the character, amount, or legal status of any debt;" (2) "collect[ing] . . . any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law;" and (3) "continu[ing] collection activity after receiving debt validation dispute and fail[ing] to provide written validation of debt before resuming collection activities."  D.E. 52 at ¶ 58.  Plaintiff requests relief in the form of damages, attorney's fees and costs, and the vacating of the state judgment.  D.E. 52 at 58.

---

[2] Plaintiff also filed a Motion for Leave to Amend Second Complaint [D.E. 83] and then filed a Third Amended Complaint [D.E. 84] without the Court's authorization. This Court denied Plaintiff's Motion for Leave to Amend the Second Complaint and entered an Order striking the Third Amended Complaint from the docket.  D.E. 100.

[3] Docket Entry 55 is labeled Answer to Amended Complaint by Client Services, Inc. However, the document is actually Client Services, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint.

Count II avers that Defendants violated the FCCPA by claiming, attempting, or threatening to enforce a debt when they knew that the debt was not legitimate.  D.E. 52 at 67.  Plaintiff requests relief in the form of damages, attorney's fees and costs, and the vacating of the state judgment.  D.E. 52 at ¶ 67.

### *III. Summary Judgment Standard*

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).  A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. at 247-48).  The Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in his favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006).  Further, the Court does not weigh conflicting evidence.  *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Commc'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008).  Once the moving party satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., L.L.C.*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).  Instead, "the non-moving party 'must make a sufficient showing on each essential

element of the case for which he has the burden of proof.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  Accordingly, the non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts suggesting that a reasonable jury could find in his favor. *Shiver*, 549 F.3d at 1343.  But even where an opposing party neglects to submit any alleged material facts in controversy, the court must still satisfy itself that all the evidence on the record supports the uncontroverted material facts that the movant has proposed before granting summary judgment. *Reese v. Herbert*, 527 F.3d 1253, 1268-69, 1272 (11th Cir. 2008); *United States v. One Piece of Real Prop. Located at 5800 S.W. 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1103 n.6 (11th Cir. 2004).

### *IV. Analysis*

Because both Counts I and II seek, as part of their requested relief, the vacating of the state-court judgment, this Court must evaluate the claims in light of the *Rooker-Feldman* doctrine.  Under the *Rooker-Feldman*[4] doctrine, federal district courts lack jurisdiction to hear appeals of state-court proceedings.  More specifically, in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, the United States Supreme Court unanimously held that the *Rooker-Feldman* doctrine prevents federal district courts from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  544 U.S. 280, 284 (2005).  Among federal courts, only the Supreme Court is empowered to "exercise appellate authority 'to reverse or modify' a state-court judgment."  *Id.* (quoting *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)).  Thus, "federal

---

[4] The doctrine takes its name from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1986).

district court[s] have 'no authority to review final judgments of a state court in judicial proceedings.'" *Nicholson v. Shafe*, 558 F.3d 1266, 1271 (11th Cir. 2009) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)).

However, the mere existence of a final judgment will not preclude independent claims relating to the judgment if the district court is not required to determine the validity of the state-court judgment in order to grant relief to the independent claim. *Exxon Mobile Corp.*, 544 U.S. at 292. But the *Rooker-Feldman* doctrine does preclude district-court jurisdiction over "federal claims raised by the state-court loser that are deemed to be 'inextricably intertwined' with the state court judgment." *Springer v. Perryman*, 401 F. App'x 457, 2010 WL 4230633, *1 (11th Cir. Oct. 27, 2010) (quoting *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009)). Courts view federal claims as "inextricably intertwined with the state court judgment" in two circumstances: (1) where success on the federal claim would "effectively nullify" the state court judgment; and (2) where the federal claim "'succeeds only to the extent that the state wrongly decided the issues.'" *Id.* (quoting *Casale*, 558 F.3d at 1260).

In this case, as partial relief on both counts, Plaintiff asks this Court to vacate the state judgment upholding the validity of the debt. This the Court cannot do under *Rooker-Feldman* because it would essentially require the Court to sit as an appellate court in review of the state-court judgment. The *Rooker-Feldman* doctrine prohibits such activity. If Plaintiff takes issue with the correctness of the state-court judgment, she must challenge it in state court. Therefore, this Court must grant summary judgment for Defendants with regard to Solis's request that this Court vacate the state-court judgment upholding the debt as valid.

*Count I: Violations of the FDCPA § 1692*

_____Count I alleges that Defendants violated the FDCPA, 15 U.S.C. § 1692, in the following

three ways: (1) violation of § 1692(e)(2) by false representation; (2) violation of § 1692(f)(1) by

collection of an amount that was not expressly authorized by the agreement creating debt or

permitted by law; and (3) violation of § 1692g(b) by continuing collection activity after receiving

a debt validation dispute and failing to provide written validation of the debt before resuming

collection activities.  D.E. 52 at ¶ 58.  Defendants argue that these allegations are related to the debt

Plaintiff owes Citibank from the prior state-court judgment, and that this Court's review would

violate the *Rooker-Feldman* doctrine.  D.E. 110 at 2.  To the extent that Count I contends that

Defendants violated Section 1692(f)(1) by collecting an amount that was not permitted by law, this

Court agrees.  The only way to conclude that Defendants collected an amount not permitted by law

would require this Court to invalidate the state-court judgment upholding the validity of the debt.

*Rooker-Feldman* prohibits such activity.   Because success on this claim would require nullifying

the state court judgment and this claim could succeed only if the Court held that the state court

wrongly validated the amount owed to Defendants, *see Springer v. Perryman*, 401 F. App'x 457,

2010 WL 4230633, *1 (11th Cir. Oct. 27, 2010) (quoting *Casale*, 558 F.3d at 1260), summary

judgment must be granted for Defendants on Count I as it alleges that Defendants violated Section

1692(f)(1) of the FDCPA by collecting an amount that was not permitted by law.

        But Defendants have not demonstrated that any violation of the *Rooker-Feldman* doctrine

would occur if this Court entertained the allegations that Defendants transgressed the FDCPA by

falsely representing the character, amount, of legal status of the debt, or by failing to provide written

validation of the debt before resuming collection activities.  The purpose of the FDCPA is to

"eliminate abusive debt collection practices by debt collectors, insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Le Blanc Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010) (citing 15 U.S.C. § 1692(e)); *see also Brown v. Budget Rent-A-Car Sys., Inc.*, 119 F.3d 922, 924 (11th Cir.1997) (*per curiam*) (stating the purpose of the FDCPA).  Thus, even where a debtor has incurred a valid debt that a creditor is entitled to collect, a debt collector may violate the FDCPA if its methods in attempting to collect the debt do not comply with the requirements of the FDCPA.  Such a violation may occur despite the validity of the debt and in no way is dependent upon the legitimacy of the debt.

Here, Solis's assertions in Count I that Defendants violated Sections 1692(e)(2) and 1692g(b) do not require a finding that the debt sought to be collected from Solis was not valid in order for Solis to prevail.  If Defendants falsely represented the character, amount, or legal status of the debt in attempting to collect it from Solis, they violated the FDCPA, even if the debt that they were collecting was valid.  D.E. 52 at ¶ 58.  Defendants do not address this issue in the Motion for Summary Judgment, instead choosing to rely solely on the *Rooker-Feldman* doctrine.  Under these circumstances, the Court cannot grant summary judgment for Defendants on this aspect of Count I.

With regard to the alleged violation of Section 1692g(b), this claim also can be maintained, even in light of the state-court judgment validating the debt.  Specifically, Plaintiff alleges that Defendants violated the FDCPA by failing to provide written validation of debt after receiving a debt-validation dispute from Solis and before resuming collection activities.  D.E. 52 at ¶ 58.[5]

---

[5] The Second Amended Complaint cites 15 U.S.C. § 2042(g)(b), but the actual citation is 15 U.S.C. § 1692g(b).

Because this allegation is premised on Defendants' conduct and practices in collecting the debt, not the validation or legitimacy of the debt itself, it is not precluded by the *Rooker-Feldman* doctrine; resolution of this contention is not contingent upon the Court's review or invalidation of the state-court judgment.  Defendants seek summary judgment on this claim based solely on the *Rooker-Feldman* doctrine.  Since Defendants are not entitled to summary judgment on this claim under the *Rooker-Feldman* doctrine, summary judgment must be denied as it relates to this portion of Count

## *Count II: Violation of the FCCPA*

Count II alleges that Defendants violated the FCCPA by violating § 559.72 (9), Fla. Stat., by "claiming, attempting or threatening to enforce a debt when [they] knew that the debt was not legitimate."  D.E. 52 at ¶ 67 (citing Fla. Stat. § 559.72 (9)).  Defendants argue that allowing Solis to bring these claims would violate the *Rooker-Feldman* doctrine because the claim would require the Court to make a determination on the validity of the final judgment rendered by the state court. D.E. 110 at 5.  As discussed previously, the *Rooker-Feldman* doctrine precludes district courts from reviewing final judgments of a state court.  *Nicholson v. Shafe*, 558 F.3d 1266, 1271 (11th Cir. 2009) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)).  For Plaintiff to prevail on this claim, this Court would have to find that the debt was illegitimate, effectively invalidating the state court judgment.  This is precisely what the *Rooker-Feldman* doctrine prohibits. Therefore, summary judgment is granted on Count II.

## *C. Mairim A. Morales is Dismissed from this Action*

Counts I and II list Mairim A. Morales ("Morales") as a Defendant to this action.  Defendants request Morales's dismissal from this action because she has had no involvement in this case.  On June 5, 2012, Defendants notified Solis that Morales did not engage in any activity on this case.

D.E. 83 at 4.  Defendants also sent the Solis Morales's affidavit stating her lack of involvement with the case, along with a photocopy of Morales's picture identification.  D.E. 83 at 4.  In the Motion for Leave to Amend Second Complaint [D.E. 83 at 1], Solis acknowledges that Defendant notified her of Morales's lack of involvement in this action.  D.E. 100.  Plaintiff has not addressed or contested this issue in the Response in Opposition to Defendants Motion for Summary Judgment [D.E.128] or otherwise.  This Court has also reviewed Morales's affidavit [D.E. 110-3], which expressly denies involvement in the matters underlying this dispute.  In the absence of any evidence suggesting the contrary, Defendant Morales is dismissed from this action.

## *V. Conclusion*

For the foregoing reasons, Defendant's Motion for Summary Judgment [D.E. 110] is **GRANTED IN PART and DENIED IN PART** as follows:

1. With respect to Count I, summary judgment is granted on the alleged violation of 15 U.S.C. § 1692(f)(1). Summary judgment is denied on the alleged violations of 15 U.S.C. § 1692(e)(2) and 1692g(b), except that summary judgment is granted to the extent that, as relief for these alleged violations, Solis seeks to void the state-court judgment.

2. With respect to Count II, summary judgment is granted.

3. Defendant Mairim A. Morales is dismissed from this action.

**DONE** and **ORDERED** at Fort Lauderdale, Florida, this 2nd day of January 2013.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies:

The Honorable Barry S. Seltzer
Counsel of Record