UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

GRACE D. SOLIS,

    Plaintiff,

                                            CASE NO.: 1:11-cv-23798-PAS

v.

CLIENT SERVICES, INC.,
CITI BANK (SOUTH DAKOTA), N.A.,
PATRICK A. CAREY, P.A.,
Patrick A. Carey Individually,
Robert J. Rivera, Individually and
Mairim A. Morales, Individually,

    Defendants.
_____/

**MOTION IN LIMINE**

    COMES NOW, Defendant, Patrick Carey P.A., Patrick A. Carey and Robert Rivera by and through its undersigned counsel, and hereby moves this Honorable Court enter an Order in Limine to exclude all arguments and evidence regarding the following items, on the grounds that they are inadmissible, irrelevant, immaterial, and lack any probative value of the evidence is substantially outweighed by the danger of unfair prejudice:

    **1. Background, Basis and Purpose for the Motion**

    The remaining allegations in this case are based on the Fair Debt Collection Practices Act 15 U.S.C. §1692 ("FDCPA")[1]. Plaintiff alleges that Defendant violated 15 U.S.C §1692 (e) 2 by "falsely representing the character, amount or legal status of any debt" and §1692 (g) (b) by "failing to provide written validation of the debt before resuming collection activities."

---

[1] The Plaintiff filed a Second Amended Complaint which also contained claims under the FCCPA and 15 U.S.C. §1692 (f) which have been dismissed by Order on Defendant's Motion for Summary Judgment (DE 139)

A Motion in Limine refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered" *Luce v. United States,* 469 US 38, 40 n.2 (1984). The purpose of a Motion in Limine is to "avoid the obviously futile attempt to 'unring the bell" when highly prejudicial evidence is offered and then stricken at trial. *People v. Morris, supra,* 53 C3d at 188, 279 CR at 739; *Hyatt v Sierra Boat Co* (1978) 79 CA 3d 325, 337-339, 145 CR 47, 54-55.  See also *Sacramento & San Joaaquin Drainage Dist. ex rel. State Reclamation Bd. V Reed* (1963) 215 CA 2d 60,68, 29 CR 847, 852-853.

### 2. Evidence or Testimony of any Prior Claims or Lawsuits

Pursuant to the above case law and Florida Evidence Code §90.404, Defendant moves to limit the use of any evidence or testimony of Plaintiff and any other witness(es) regarding the use of any prior Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA") lawsuits or claims against Defendant to show propensity of the Defendant to violate or allegedly violate the FDCPA and/or FCCPA.  The introduction of any evidence or testimony regarding prior lawsuits or claims is irrelevant and highly prejudicial. Further, the use of any evidence or testimony regarding said claims or lawsuit would only tend to show Defendant's propensity to allegedly violate the FDCPA or FCCPA and would not be relevant to Plaintiff proving his alleged violations of the FDCPA and/or FCCPA against the Defendant.  See <u>Cusmano v. NRB, Inc., d/b/a National Recovery Bureua</u>, 1998 U.S. Dist. LEXIS 15418.

### 3. Plaintiff must be Precluded from Arguing that She did not Receive the Validation Notice

As discussed above, the remaining allegations are violations under § 1692 (e) 2 and (g) (b). Specifically, the allegations are that Defendant violated the FDCPA by "falsely representing the character, amount or legal status of any debt"  and by "failing to provide written validation of

the debt before resuming collection activities." Upon information and belief, the Plaintiff will argue that she asked for validation of the debt during the underlying debt action and that she never received it. The Plaintiff must be prevented from arguing this as the debt was indeed validated and no collection activities took place on the case during the period of time that the matter was being validated. According to the Defendant's own records which have been produced to Plaintiff, the Plaintiff requested validation of the debt on September 24,2009. A letter was sent to the Plaintiff at her address of record on May 25, 2010 which included the statements provided by Citibank as validation of the debt *See* Composite Exhibit 1. No collection activity took place between September 24, 2009 and May 25, 2010 and there is no evidence to support such collection effort during that period in the record. Accordingly, Plaintiff must be prevented from arguing that she did not receive debt validation.

4. **Plaintiff must be Precluded from Making any Reference to those Facts and Issues which have already been Resolved on Summary Judgment and should not be permitted to argue that the August 3, 2011 Judgment entered against Plaintiff is invalid.**

Lastly, Plaintiff must be precluded from making references to claims that have been resolved through the Order on Defendants' Motion for Summary Judgment. The Court entered an order on Defendants' Summary Judgment Motion on January 2, 2013 (DE 139). In that order, the Court dismissed Count II which alleged FCCPA violations against Defendants and ruled that Mairim Morales was dismissed from the case. Finally, the Court dismissed the alleged violation under 15 U.S.C §1692 (f)(1) which prohibits the collection of an amount that was not expressly authorized by the agreement creating debt or permitted by law. Accordingly, Plaintiff must not be permitted to re-argue her position on the §1692 (f)(1) claim, Count II or Mairim Morales during any trial. The only remaining claims are under 15 U.S.C. §1692 (e) 2 and the (g)

(b) claim and the Plaintiff must be limited in scope to argue only facts, circumstances and law related to these limited issues.

Additionally, as the Court ruled in its Order on Defendant's Motion for Summary Judgment, this Court cannot vacate the state court judgment under the Rooker Feldman Doctrine. *See* DE 139 generally. It is a valid judgment entered for Citibank against Plaintiff and any argument that the judgment is incorrect, invalid or otherwise improper by the Plaintiff should be strictly prohibited. *See* Exhibit 2.

### 5. Conclusion

Based on the above facts and law, the Motions in Limine should be granted.

WHEREFORE, Patrick A. Carey P.A., Patrick A. Carey and Robert Rivera respectfully request an Order from this Court granting these Motions in Limine.

### Good Faith Effort to Confer

Pursuant to Local Rule 7.1 c, counsel for Defendants has now fully discussed these issues with the Plaintiff in a good faith effort to resolve these issues before filing. Plaintiff states she objects to Paragraphs 2 through 5.

Respectfully submitted,

/s/Dale T. Golden
DALE T. GOLDEN, ESQUIRE
FBN:  0094080
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609
813-251-5500(p)
813-251-3675(f)
dgolden@gsgfirm.com
Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record on this 21st day of March, 2013.

/s/ Dale T. Golden
DALE T. GOLDEN, ESQUIRE