## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 11-23798-CIV-ROSENBAUM

GRACE D. SOLIS,

        Plaintiff,

v.

CLIENT SERVICES, INC.,
CITI BANK (SOUTH DAKOTA), N.A.,
PATRICK A. CAREY, P.A.,
Patrick A. Carey Individually,
Robert J. Rivera, Individually and
Mairim A. Morales, Individually,

        Defendants.

_____/

## OMNIBUS ORDER

This matter is before the Court upon Plaintiff's Amended Motion for Reconsideration Under Rule 59(e) Motion to Amend and Alter Judgment [D.E. 122], Plaintiff's Motion for Reconsideration Under Rule 59(e) Motion to Amend and Alter Summary Judgment [D.E. 144], Plaintiff's Objection to Magistrate's Order [D.E. 158], Plaintiff's Motion for Sanctions For Defendants Patrick A. Carey, P.A., Patrick A. Carey, and Robert J. Rivera's Failure to Provide Filed Motions [D.E. 143], and Defendants' Motion for Continuance and/or Motion for Extension of Time to File Joint Pretrial Statement, Jury Instructions and Pretrial Motions [D.E. 156].  The Court has reviewed the parties' motions, the briefs in support and opposition, and the record in this case.  For the reasons set forth below, the Court denies both of Plaintiff's reconsideration motions, overrules Plaintiff's objection to the Magistrate's Order, denies as moot Plaintiff's sanctions motion, and grants in part

-1-

Defendant's motion for a continuance and extension of time.

## I. INTRODUCTION

The case arises from the attempted collection of a credit-card debt and the subsequent lawsuit that Defendant Citibank (South Dakota), N.A. ("Citibank"), brought against Plaintiff Grace Solis in state court.  After judgment was rendered against Plaintiff in state court, Plaintiff filed suit in this Court against Defendants Citibank, Client Services, Inc. ("CSI"), Patrick A. Carey, P.A., Patrick A. Carey, Robert J. Rivera, and Mairim A. Morales (collectively the "Carey Defendants"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681.

Previously, the Court dismissed the claims against Citibank and CSI and granted summary judgment on several claims to the Carey Defendants.  Plaintiff now seeks reconsideration of this Court's dismissal orders as well as part of the summary-judgment order.  Plaintiff has also filed an objection to a discovery-related order entered by the Magistrate Judge.  D.E. 158.  Additionally, Plaintiff seeks sanctions against the Carey Defendants for failing to serve her various document via mail.  D.E. 143.  The Carey Defendants seek a continuance of this trial until June 2013, as well as an extension of the deadline to file various pretrial documents.  D.E. 156.  The Court addresses each motion in turn.

## II. BACKGROUND

### A. State-Court Proceedings and Plaintiff's Initial Complaints

Citibank filed suit against Plaintiff in Miami-Dade County Court ("state court") to collect on the debt that Citibank claimed Plaintiff owed.  Citibank retained Patrick A Carey, P.A., to

represent it in the state-court action.  D.E. 110 at 2.  On August 3, 2011, Citibank received a judgment requiring Plaintiff to pay the total amount of $4,312.16 (principal sum of $3,962.16 and costs of $350.00).  D.E. 110-1.  Plaintiff subsequently filed a motion to vacate the judgment in state court, which was denied on December 8, 2011.  D.E. 110-2; D.E. 131 at 6.  Plaintiff did not appeal the state-court judgment.  D.E. 131 at 6.

On October 21, 2011, Plaintiff filed the pending lawsuit before this Court.  *See* D.E. 1. Plaintiff then amended her claims, alleging the following four counts in her First Amended Complaint: (1) violation of the FDCPA by all Defendants; (2) violation of the FCCPA by all Defendants; (3) willful non-compliance with the FCRA by Defendant CSI; and (4) negligent non-compliance with the FCRA by Defendant CSI.  D.E. 27.  Although only two counts were specifically targeted at Citibank, the factual allegations of Plaintiff's pleading suggested that she was targeting the other counts at Citibank as well.  Accordingly, Citibank filed a Motion to Dismiss all counts of the First Amended Complaint on December 22, 2011.  D.E. 28.

On March 13, 2012, this Court granted Citibank's Motion to Dismiss.  D.E. 48.  Count I of Plaintiff's First Amended Complaint, dealing with Citibank's violation of the FDCPA, was dismissed with prejudice because Citibank is a creditor, not a debt collector, under the statute.  *Id.* at 3.  The Court dismissed without prejudice Counts II, III, and IV, because Plaintiff failed to state a plausible factual basis for granting her relief.  *Id.* at 4-5.  In addition, the Court directed Plaintiff to file a Second Amended Complaint, which she did on March 30, 2012.  *Id.* at 7; D.E. 52.  Plaintiff did not seek reconsideration of the Court's dismissal order before filing her Second Amended Complaint.

**B. Dismissal of Citibank and CSI**

Plaintiff's Second Amended Complaint removed Citibank and CSI as Defendants from the

FDCPA count (Count I) but added Citibank as a Defendant to the FCRA counts (Counts III and IV). D.E. 52.[1]  Citibank and CSI[2] filed motions to dismiss the Second Amended Complaint in April 2012. D.E. 54; D.E. 55.  With respect to Citibank, the Court found the FCCPA count (Count II) to be barred under the doctrine of issue preclusion because Plaintiff had already had an opportunity to litigate the validity of her debt against Citibank in the state-court action.  D.E. 78 at 2-4.  The Court also dismissed the FCRA counts against Citibank because the FCRA provides only a limited cause of action against furnishers of credit information.  As Plaintiff did not allege that Citibank violated that statutory provision, 15 U.S.C. § 1681s-2(b), the Court dismissed Counts III and IV with respect to Citibank.  *Id.* at 5-6.  These counts were dismissed with prejudice because the Court deemed granting Plaintiff a fourth attempt to amend would be futile.  *Id.* at 6 n.6.

With respect to CSI, the Court dismissed the FCCPA count because Plaintiff failed to allege facts showing that CSI knew that the debt was illegitimate when CSI tried to collect it.  D.E. 79 at 3-4.  Because Plaintiff's sole basis for supporting her FCRA claims was that CSI "impermissibly" pulled her credit report, *see* D.E. 52, ¶¶ 43-45, 72, 83, the Court dismissed those counts because Plaintiff's own allegations demonstrated that CSI pulled her credit report in the course of trying to collect a debt—a statutorily authorized purpose.  *See* D.E. 79 at 4-6 (citing 15 U.S.C. § 1681b(a)(3)(A)).  As with Citibank, the Court concluded that any further attempts by Plaintiff to

---

[1] Plaintiff also filed a Motion for Leave to Amend Second Complaint [D.E. 83] and then filed a Third Amended Complaint [D.E. 84] without the Court's authorization.  This Court denied Plaintiff's Motion for Leave to Amend the Second Complaint and entered an Order striking the Third Amended Complaint from the docket.  D.E. 100.  Therefore, only Plaintiff's Second Amended Complaint [D.E. 52] is before this Court.

[2] Docket Entry 55 is labeled Answer to Amended Complaint by Client Services, Inc.  However, the document is actually Client Services, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint.

amend the claims against CSI would be futile.

## C. Summary Judgment for the Carey Defendants

Following dismissal of Citibank and CSI from this case, only Counts I and II of Plaintiff's Second Amended Complaint remained against the Carey Defendants.  The Carey Defendants moved for summary judgment on the remaining claims, and, on January 2, 2013, the Court partially granted summary judgment against Plaintiff.  D.E. 110; D.E. 139.  Specifically, the Court granted summary judgment for the Carey Defendants on Plaintiff's Count I claims under 15 U.S.C. § 1692f(1)[3] and on Plaintiff's FCCPA claims in Count II based on the *Rooker-Feldman* doctrine.  *See* D.E. 139 at 7-9. The Court also granted summary judgment to the extent that Plaintiff may not seek, as relief for any of her claims, to void the state-court judgment.  Finally, the Court dismissed Defendant Morales from this action.

## III. DISCUSSION

## A. Legal Standards for Reconsideration Motions

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.,* 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing *Mannings v. Sch. Bd. of Hillsborough County*, 149 F.R.D. 235, 235 (M.D. Fla. 1993)).  "The 'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* at 1369 (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)).  Only three major grounds generally justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to

---

[3] The Court denied summary judgment on Plaintiff's Count I claims under 15 U.S.C. §§ 1692e(2) and 1692g(b).

correct clear error or prevent manifest injustice." *Id.* (citing *Offices Togolais Des Phosphates v.*

*Mulberry Phosphates, Inc.*, 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999); *Sussman*, 153 F.R.D. at

694). On the other hand, "[a] 'motion for reconsideration should not be used as a vehicle to . . .

reiterate arguments previously made.'" *Id.*

**B. Reconsideration of the Citibank and CSI Dismissals**

Plaintiff asks this Court to reconsider the dismissal of Citibank and CSI based on what she

believes is error, new evidence, and to prevent manifest injustice. D.E. 122 at 1. Plaintiff then

presents several arguments, none of which provides a basis for reconsideration of the Court's

previous dismissal orders.

*1. New Discovery Information*

First, Plaintiff argues that CSI, not Citibank, hired the Carey Defendants to collect the debt

and, therefore, that all Defendants colluded to deceive Solis about who the plaintiff was in the state-

court action. *Id.* at 3. According to Solis, this renders the state-court judgment void and

demonstrates that Citibank and CSI violated § 1692e(10) and § 1692f of the FDCPA. *Id.*

To support her assertion, Plaintiff points to a response from the Carey Defendants given in

reply to one of Plaintiff's requests for production. Specifically, Plaintiff requested "[a]ll documents

between [Carey Defendants] and [Citibank] regarding the Plaintiff and collection of the alleged

debt." *Id.* at 2, 14. The Carey Defendants initially responded that the request was overbroad, adding

"Furthermore, Defendant did not receive the account from [Citibank] but rather [CSI].

Notwithstanding said objection, to the extent that responsive document exist, see [attached

documents]." *Id.* at 2, 18-19. Solis interprets this response to mean that Citibank was not the state-

court plaintiff.[4]

Plaintiff's first argument fails for several reasons. Procedurally, Plaintiff cannot revive her FDCPA claims against Citibank or CSI because she dismissed them from her FDCPA count when she filed her Second Amended Complaint. *See* D.E. 52. It is well settled that an amended complaint completely supersedes a prior complaint and that "specific claims made against particular defendants in the original complaint are not preserved unless they are also set forth in the amended complaint." *Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009) (citing *Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) and *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 601 (5th Cir. 1981)).

Additionally, Plaintiff's first argument fails as a practical matter with respect to Defendant CSI. The Court notes that before Plaintiff submitted her Second Amended Complaint, the Court never ruled on any FDCPA claims against CSI. Thus, even if Plaintiff could overcome the procedural bar she set with her Second Amended Complaint—and she cannot—with respect to CSI, there is nothing for the Court to "reconsider" concerning FDCPA claims.

With regard to Citibank, Plaintiff's first argument also fails as a matter of law. The Court previously dismissed Plaintiff's FDCPA claims against Citibank because the FDCPA does not permit actions against original creditors who are not defined as "debt collectors" under the statute. *See* D.E. 48 at 3. Nothing in the Carey Defendants' discovery response, either before or after it was corrected, changes the fact that Plaintiff cannot proceed against Citibank under the FDCPA. Although Plaintiff continues to claim confusion exists as to the identity of the original creditor, that

---

[4]Although the Carey Defendants initially made the statement that they obtained this account from CSI, the Carey Defendants corrected the statement to explicitly point out that they did not receive the account from CSI. *See* D.E. 135-4.

issue has been conclusively determined by the state-court judgment and, as this Court has repeatedly explained, it cannot be relitigated in this Court. *See* D.E. 48; D.E. 78; D.E. 139. Accordingly, the new discovery information that Plaintiff points to fails to provide a basis for reconsideration of the Court's dismissals of Citibank or CSI.

*2. Assignee Notification–FCRA Claims Against CSI*

Plaintiff also argues that the Court erred in dismissing the FCRA claims against CSI. This second argument rests on Section 559.715 of the FCCPA, which required an assignee to give notice of a debt's assignment to the debtor within thirty days of assignment. Fla. Stat. § 559.715 (2010).[5] Plaintiff contends that the debt was assigned to CSI but that CSI did not provide the required notice to her, and thus CSI could not engage in collection activity. D.E. 122 at 4. Because CSI could not engage in collection activity, Plaintiff alleges, CSI's pulls of her credit report were not for a permissible purpose under the FCRA.[6] *Id.*

CSI does not directly address Plaintiff's assignee notification argument in its response to the reconsideration motion. *See* D.E. 135. Nonetheless, Plaintiff's argument is insufficient to support reconsideration. The four cases cited by Plaintiff stand for the proposition that an assignee is forever precluded from bringing an action to collect an assigned debt if the assignee provided no notice to the debtor within thirty days. *See Cent. Ohio Credit Corp. v. Jones*, 17 Fla. L. Weekly Supp. 190a

---

[5] Effective October 1, 2010, Section 559.715 was amended to require that the assignee give notice "as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt." Fla. Stat. 559.715 (2012). According to Plaintiff's Second Amended Complaint, CSI's first dunning letter was sent in May 2009, so the Court concludes that the prior version of the statute applies.

[6] Plaintiff alleges that this argument also demonstrates that CSI violated § 1692g(5) of the FDCPA, but as explained above, there are no FDCPA claims against CSI pending before this Court or properly raised for reconsideration.

-8-

(Fla. Duval County Ct. 2008); *Midland Funding, LLC v. Hill*, 15 Fla. L. Weekly Supp. 365b (Fla. Gadsden County Ct. 2008); *UMLIC-VP, LLC v. Levine*, 10 Fla. L. Weekly Supp. 336a (Fla. 15th Cir. Ct. 2003). None of Plaintiff's cases, however, address whether an assignee that has failed to comply with Section 559.715 can also be held liable under the FCRA for pulling a credit report in an attempt to collect on the debt it has been assigned.

Even if the cited decisions correctly preclude a violator of Section 559.715 from bringing a court action to collect a debt,[7] they do not go so far as to preclude any non-litigious attempts at collecting a debt. Section 559.715 explicitly provided that "[t]his part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt." Fla. Stat. § 559.715 (2010). The FCRA permits the use of credit reports "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A). Thus, even if CSI had been precluded from bringing an action to collect the debt, it was still in possession of a validly assigned debt. Permissible use of credit information in this instance under the FCRA requires only a credit transaction involving the customer—*e.g.*, a validly assigned credit-card debt—and use of that information in reviewing or collecting the account. Accordingly, CSI could permissibly pull Plaintiff's credit report in an attempt to collect the debt by means other than court action, such as through dunning letters. A violation of Section 559.715 by CSI, if any, would not equate with a violation of the FCRA as alleged by Plaintiff, and reconsideration would be

---

[7] The Court has some doubts as to the interpretation that failing to provide thirty-days' notice forever precludes an assignee from collecting an assigned debt, particularly in view of the 2010 amendment of Section 559.715, which expressly ties notification only to when a collection action may be commenced. The Court's acknowledgment of Plaintiff's citation of these cases does not suggest that this is settled Florida state law.

inappropriate.

### 3. False Name Exception—FDCPA Claims Against Citibank

Plaintiff next argues that the Court erred in dismissing the FDCPA claims against Citibank because Citibank does qualify as a "debt collector" under the so-called false-name exception of the FDCPA.[8]  D.E. 122 at 4-6 (citing 15 U.S.C. § 1692a(6)).  Specifically, Plaintiff points to a March 2009 account statement provided by Citibank that contains a return address of Citibank's affiliate, Citi Cards.  *Id.* at 5.  Plaintiff asserts that the use of Citi Cards's name and address amounts to the use by Citibank of a "name other than [its] own which would indicate that a third person is collecting or attempting to collect such debts."  *Id.*; 15 U.S.C. § 1692a(6).  As before, Plaintiff's argument fails both procedurally and legally.

This Court dismissed the FDCPA claims against Citibank in Plaintiff's First Amended Complaint on the basis that Citibank, as the original creditor attempting to collect a debt owed it, was not a "debt collector" within the meaning of § 1692a(6).  *See* D.E. 48 at 3.  Plaintiff did not seek reconsideration of that dismissal (until now).[9]  Instead, Plaintiff filed her Second Amended Complaint in which she removed the FDCPA claims against Citibank.  As explained above,

---

[8] Although Plaintiff references the July 23, 2012, dismissal order [D.E. 78], the only order dismissing FDCPA claims against Citibank was the March 13, 2012, order dismissing Plaintiff's First Amended Complaint [D.E. 48].

[9] Plaintiff styles her reconsideration motion as one under Rule 59(e), Fed. R. Civ. P.  Rule 59(e) requires that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."  Fed. R. Civ. P. 59(e).  As Citibank points out, Plaintiff's motion is untimely to the extent that it seeks reconsideration of the March 13, 2012, dismissal order under Rule 59(e).  However, Rule 60, Fed. R. Civ. P., permits the Court to reconsider its orders based on a motion submitted "within a reasonable time," which extends for at least a year in certain circumstances.  Fed. R. Civ. P. 60(c)(1).  Given Plaintiff's *pro se* status, the Court will not bar reconsideration solely on the basis of her citation to Rule 59; because other reasons preclude reconsideration, the Court need not reach the timeliness issue otherwise.

Plaintiff's Second Amended Complaint completely superseded her earlier ones, and she cannot reinstate FDCPA claims against Citibank by virtue of a reconsideration motion.  *See Gross*, 340 F. App'x at 534.

Even if the Court could ignore Plaintiff's Second Amended Complaint, her argument is insufficient to support reconsideration of the Court's dismissal of her FDCPA claims in her First Amended Complaint.  Plaintiff pled no allegations in her First Amended Complaint that would lead Defendants (or the Court) to believe that she intended to invoke the false-name exception against Citibank.  *See* D.E. 27.  After the Court dismissed the FDCPA count for the very reason that Citibank was not a debt collector under § 1692a(6), Plaintiff was free then to seek reconsideration and point out how the false-name exception overcame that defect, or more appropriately, amend her complaint to include allegations related to the false-name exception.  Plaintiff did neither, and instead, amended her complaint to *remove* any FDCPA claims against Citibank.  Therefore, reconsideration is not appropriate.

*4. Assignment Notification—FCRA Claims Against Citibank*

Plaintiff once again cites to Section 559.715, Fla. Stat., which requires an assignee to give notice of assignment to the debtor within thirty days of assignment.  D.E. 122 at 6.  Because she never received notice of the assignment of her debt, Plaintiff claims, Citibank was unable to bring a state lawsuit to collect the debt and had no permissible purpose to pull her credit report under the FCRA.  Once again, Plaintiff's argument fails.

As an initial matter, Section 559.715 requires *an assignee* to give notice to the debtor.  At no place in Plaintiff's pleadings or papers is there any basis for concluding that Citibank was *assigned* Plaintiff's debt.  Accordingly, Section 559.715 imposed no obligation on Citibank.

Moreover, even if Section 559.715 did apply, Plaintiff's argument misses the mark because the FCRA claims against Citibank were not dismissed on a permissible-purpose rationale, but rather because the Court construed Plaintiff's Second Amended Complaint as trying to levy a claim against Citibank in its role as a *furnisher* under 15 U.S.C. § 1681s-2, a claim that the Court rejected. Plaintiff stated no cause of action against Citibank as a furnisher of credit information. *See* D.E. 78 at 4-6. A private right of action against a furnisher under § 1681s-2 exists only for violations of § 1681s-2(b), regarding the duty of furnishers to investigate disputes over information the furnishers provided to a credit reporting agency. 15 U.S.C. § 1681s-2(b); *see Chipka v. Bank of America*, 355 F. App'x 380, 382-83 (11th Cir. 2009). Whether Citibank permissibly or impermissibly pulled Plaintiff's credit report is irrelevant to a claim under § 1681s-2(b), and, thus, Plaintiff's argument cannot support reconsideration of the Court's dismissal.[10]

## 5. Miscellaneous Arguments

Plaintiff concludes her reconsideration motion with respect to Citibank and CSI by referencing scandals involving the London Interbank Offered Rate (LIBOR), press articles concerning fraud committed by financial institutions, and a Government Accountability Office (GAO) report on the effectiveness of the FDCPA in today's marketplace. D.E. 122 at 7-9. None of this information is relevant to the issues presented in the dismissals of Citibank and CSI and appears to have been included solely to impugn Defendants by association. Accordingly, the Court disregards this information.

---

[10] Even assuming that Plaintiff meant to state an FCRA claim against Citibank as a *user* or *obtainer* of a credit report under § 1681b(f), dismissal of the FCRA counts would still be appropriate. As has been determined in the state-court action, Citibank was owed a credit-card debt by Plaintiff. Accordingly, Citibank could obtain Plaintiff's credit report for the permissible purposes of reviewing or collecting the Plaintiff's account. *See* 15 U.S.C. § 1681b(a)(3)(A).

Plaintiff also makes a plea that, as a *pro se* litigant, she should be held to a less stringent and more lenient standard than litigants represented by counsel. *Id.* at 9. Further, Plaintiff requests that if the Court finds any deficiencies in her claims, she should once again be allowed to amend her complaint. *Id.* While it is true that *pro se* litigants' pleadings are held to a less exacting standard than those prepared by attorneys and are to be liberally construed, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), *pro se* litigants are still required to follow the Court's rules and procedures, including the Federal Rules of Civil Procedure, which, among other things, require Plaintiff to state a claim upon which relief can be granted. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (citing *Loren v. Sosser*, 309 F.3d 1296, 1304 (11th Cir. 2002)); *see also* Fed. R. Civ. P. 8, 12(b)(6). The Court has allowed Plaintiff three opportunities to state her claims in this case. As previously explained, however, the deadline to amend pleadings has long since passed, and this matter is set for trial during the two-week period beginning April 8, 2013. *See* D.E. 100. Granting Plaintiff another attempt to amend her complaint at this late date would be futile and would unduly prejudice Defendants. *See id.* Moreover, Plaintiff has not demonstrated good cause for allowing her to file a fifth version of her complaint.

## C. Reconsideration of Summary Judgment

Plaintiff also asks this Court to reconsider its granting of summary judgment in favor of the Carey Defendants on Plaintiff's FCCPA claims based on what she believes is error, new evidence, and to prevent manifest injustice.[11] D.E. 144. Plaintiff presents two arguments, neither of which provides a basis for reconsideration of the Court's summary-judgment order.

---

[11] Plaintiff does not appear to seek reconsideration of other aspects of the summary-judgment order.

-13-

*1. Outstanding Discovery Motions*

Plaintiff has recounted in detail a series of discovery motions and orders in this case and has pointed out that some of her discovery motions were still pending at the time that the Court issued its summary-judgment order.  D.E. 144 at 1-3.  None of this, however, sets forth new evidence, clear error, or a change in controlling law.  To the extent that Plaintiff may be arguing that the Court erred in granting summary judgment while discovery motions were still pending, that argument is unavailing.  The Court granted summary judgment to the Carey Defendants on the FCCPA claims because, for Plaintiff to prevail on those claims, the Court would have been forced to conclude that the debt was illegitimate—a conclusion precluded by the *Rooker-Feldman* doctrine and the state-court judgment.  D.E. 139 at 9.  Plaintiff has not suggested, and the Court cannot conceive of, any discoverable information that could change the Court's conclusion.

*2. New Discovery Information*

Additionally, Plaintiff again points to the response from the Carey Defendants given in reply to one of Plaintiff's requests for production where the Carey Defendants stated that they "did not receive the account from [Citibank] but rather [CSI]."  D.E. 144 at 4.  Plaintiff additionally directs the Court to documents obtained in discovery that contain the word "Client" and a heading of "Client Services."  *Id.* at 4, 8-18.  Plaintiff believes this information conclusively proves that the Carey Defendants did not represent Citibank in the state-court proceedings, that they have deceived Plaintiff, the state court, and this Court, and that they "fraudulently obtained a judgment against Plaintiff and do not want their fraud to be discovered."  *Id.* at 5.  By making this argument, Plaintiff appears to be contending that the Carey Defendants violated that portion of the FCCPA that prohibits a debt collector from "assert[ing] the existence of some other legal right when such person knows

-14-

that the right does not exist." Fla. Stat. § 559.72(9).[12]

Plaintiff's argument has no merit. The Carey Defendants represented and obtained a judgment for Citibank in state court—Plaintiff was a participant in those proceedings. As explained above, the Carey Defendants corrected their statement to clarify that they did not receive the account from CSI. The references to "Client" in the "Debtor Dump" documents appear to be a reference to a generic "client," not to CSI, and thus cannot support Plaintiff's view that Citibank was not the Carey Defendants' client. *See id.* at 8-10. Finally, while the "Notes" documents do have a heading with "Client Services," nothing about these documents suggests that the Carey Defendants did not represent Citibank in the state-court proceedings. Accordingly, there is no evidence that supports Plaintiff's contention that the Carey Defendants asserted a right that did not exist, and thus reconsideration of the grant of summary judgment on Count II is unwarranted.

## D. Plaintiff's Objection to Magistrate's Discovery Order

Plaintiff has timely filed an objection to an Order [D.E. 149] entered by the Honorable Barry S. Seltzer on February 20, 2013, addressing a number of Plaintiff's discovery motions. D.E. 158.

---

[12] Plaintiff's Second Amended Complaint alleged a violation of Section 559.72(9) but specifically alleged only the first portion of that statute, which provides that a debt collector shall not "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate." Fla. Stat. § 559.72(9). Because that was the only claim asserted in Count II of Plaintiff's Second Amended Complaint, that is the only claim analyzed by the Court in its summary-judgment order. *See* D.E. 139 at 9.

The Court cannot discern how Plaintiff's argument that the Carey Defendants did not represent Citibank addresses any element of the first part of Section 559.72(9). Even if the Carey Defendants obtained a judgment for Citibank on behalf of another client in the state-court proceeding, the Florida court nevertheless determined that the debt owed to Citibank was a legitimate one. Thus, even if Plaintiff's contention were true, the Carey Defendants could not be liable under the FCCPA for attempting to enforce a legitimate debt on behalf of someone else.

Nonetheless, as Plaintiff is a *pro se* litigant, the Court will broadly construe her argument as reaching the second half of Section 559.72(9), where, at least theoretically, asserting a right to represent Citibank when no right to do so exists would be a violation of the FCCPA.

-15-

Plaintiff's objection quotes portions of Judge Seltzer's Order and engages in a long discussion contesting the contours of the *Rooker-Feldman* doctrine. *Id.* However, the Court can discern only two viable objections to the Order: (1) Plaintiff objects to Judge Seltzer's finding that the Carey Defendants have not waived their objections to interrogatories under Rule 33(b)(4), Fed. R. Civ. P., and to production requests under Local Rule 26.1(g)(3)(A); and, (2) Plaintiff objects to denial of her Motion to Compel Production of Documents Or, In the Alternative, For an In Camera Inspection of Documents [D.E. 130] on the basis that she should have included a proprietary privilege argument in her earlier discovery motions.  D.E. 158 at 3, 5.

If a party timely objects to an order entered by a magistrate judge, the District Court must review the objection but may modify or set aside only those portions of the order that are "clearly erroneous or [are] contrary to law."  Fed. R. Civ. P. 72(a); *see Neumont v. Monro Cnty.*, Fla., 225 F.R.D. 266, 267 (S.D. Fla. 2004).  An order is "clearly erroneous" only when the district court, after review, "is left with the definite and firm conviction that a mistake has been committed." *Summit Towers Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 2012 WL 1440894, at *1 (S.D. Fla. Apr. 4, 2012) (quoting *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005)).  An order is "contrary to law" when "it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tolz v. Geico Gen. Ins. Co.*, 2010 WL 384745, at *2 (S.D. Fla. Jan. 27, 2010).  Neither of Plaintiff's objections meets the clear-error or contrary-to-law standards.

With regard to the waiver question, Judge Seltzer found that the Carey Defendants had not waived their objections because he found good cause to preclude waiver.  D.E. 149 at 6-9. Specifically, Judge Seltzer found that the late objections were due to excusable neglect and that the interests of judicial economy warranted consideration of the objections. *Id.* at 8.  This Court agrees.

The mere fact that Defendants' objections cannot be waived on technical grounds does not unduly prejudice Plaintiff because the Court still considered the sufficiency of the objections in deciding Plaintiff's motions to compel, but more poignantly, this fact does not demonstrate that the magistrate judge's decision was clearly erroneous or contrary to law.

Concerning Plaintiff's argument regarding the proprietary privilege, Plaintiff misapprehends Judge Seltzer's ruling. Judge Seltzer denied Plaintiff's motion because, at the time that the Court considered it, the Carey Defendants had withdrawn their "bona fide error" affirmative defense rendering the information sought by Plaintiff for the purposes of refuting that defense irrelevant. *Id.* at 29-30. Although Judge Seltzer did caution Plaintiff about the impropriety of filing successive motions, that fact alone was not the basis for his decision. Accordingly, this decision is neither clearly erroneous nor contrary to law.

**E. Plaintiff's Motion for Sanctions**

On January 30, 2013, Plaintiff moved for sanctions against the Carey Defendants pursuant Rule 11(b), Fed. R. Civ. P. D.E. 143. Plaintiff avers that the Carey Defendants failed to notify her of several filings[13] in this case via mail despite certifying that they had done so in the respective Certificates of Service. *Id.* For their part, the Carey Defendants correctly point out that Plaintiff has not complied with the safe-harbor provision of Rule 11, *see* Fed. R. Civ. P. 11(c)(2), but nonetheless admit that they may have inadvertently failed to mail certain filings to Plaintiff and agree to permit Plaintiff time to respond to those documents. D.E. 154.

After receiving the Carey Defendants' response, Plaintiff concedes her safe-harbor error, D.E. 160, which the Court construes as Plaintiff's withdrawal of her motion for sanctions. Plaintiff,

---

[13] Plaintiff claims that she never received Docket Entries 109, 118, 123, and 136.

however, requests that she be given time to respond to the four documents that she never received. D.E. 160. While the Court certainly applauds the parties' amicable resolution of this service kerfuffle, no response by Plaintiff to these documents is necessary. A response to Docket Entry 109 is unnecessary because the underlying motion, D.E. 102, was denied as moot. *See* D.E. 114. As for a response to Docket Entry 118, that is not necessary because the underlying motion, D.E. 111, was granted in part and denied in part after thorough consideration by the Honorable Barry S. Seltzer. *See* D.E. 149. Finally, no response from Plaintiff is needed regarding Docket Entries 123 and 136 because the Court has already ruled in Plaintiff's favor on those motions. *See* D.E. 148.

## F. Carey Defendants' Motion for Continuance

On March 5, 2013, the Carey Defendants moved to continue this trial until at least June 2013. D.E. 156. The Carey Defendants also seek an extension of time for file the pretrial stipulation, jury instructions, and other pretrial motions, all of which were due on March 1, 2013, four days earlier than the Carey Defendants filed their motion seeking more time. *Id.*; *see* D.E. 50. In support of their request, the Carey Defendants cited the pending reconsideration motions, a lack of communication from Plaintiff concerning the pretrial stipulation and jury instructions, and Judge Seltzer's Order [D.E. 159], which made certain discovery due on March 20, 2013. *Id.*

As this Order disposes of the pending reconsideration motions, that no longer provides a basis for extending the trial. However, in light of Judge Seltzer's discovery order and the communication difficulties between the parties, the Court will grant the Carey Defendants' motion in part. The pretrial stipulation, jury instructions, and other pretrial motions are due by March 29, 2013. Any responses to pretrial motions are due by April 5, 2013. No replies in support of the parties' pretrial motions will be permitted without leave of the Court.

-18-

Additionally, trial in this matter is reset for the two-week trial period beginning April 15, 2013.  The Calendar Call will be held on April 11, 2013, at 1:00 p.m. at the United States Federal Building and Courthouse, 299 E. Broward Boulevard, Courtroom 310-B, Fort Lauderdale, Florida.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Amended Motion for Reconsideration Under Rule 59(e) Motion to Amend and Alter Judgment [D.E. 122] is **DENIED**;

2. Plaintiff's Motion for Reconsideration Under Rule 59(e) Motion to Amend and Alter Summary Judgment [D.E. 144] is **DENIED**;

3. Plaintiff's Objection to Magistrate's Order [D.E. 158] is **OVERRULED**;

4. Plaintiff's Motion for Sanctions For Defendants Patrick A. Carey, P.A., Patrick A. Carey, and Robert J. Rivera's Failure to Provide Filed Motions [D.E. 143] is **DENIED AS MOOT**;

5. Defendants' Motion for Continuance and/or Motion for Extension of Time to File Joint Pretrial Statement, Jury Instructions and Pretrial Motions [D.E. 156] is **GRANTED IN PART**.  Trial in this matter is reset for the two-week trial period beginning **April 15, 2013**.  The Calendar Call is rescheduled for **April 11, 2013, at 1:00 p.m.**  The joint pretrial stipulation, jury instructions, and all other pretrial motions are due by **March 29, 2013**.  Responses to any pretrial motions are due by **April 5, 2013**.  No replies in support of pretrial motions are permitted without leave of the Court.

**DONE and ORDERED** at Fort Lauderdale, Florida, this 21st day of March 2013.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

-19-

copies to:
The Honorable Barry S. Seltzer

Counsel of record

Grace D. Solis, *pro se*
730 86th Street
Miami Beach, FL 33141